1   REBECCA EISEN, State Bar No. 096129
    M. MICHAEL COLE, State Bar No. 235538
2   MORGAN, LEWIS & BOCKIUS, LLP
    One Market, Spear Street Tower
3   San Francisco, CA  94105-1126
    Tel:  415.442.1000
4   Fax:  415.442.1001
    reisen@morganlewis.com
5   mcole@morganlewis.com

6   Attorneys for Defendant
    P.F. CHANG'S CHINA BISTRO, INC.
7

E-filing

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  SYLVIA CASTILLO, on behalf of herself      Case No.
    and on behalf of all others similarly               1247
12  situated and the General Public,
                                                DEFENDANT P.F. CHANG'S CHINA
13                   Plaintiff,                 BISTRO, INC.'S NOTICE OF REMOVAL
                                                OF ACTION TO THE UNITED STATES
14            vs.                               DISTRICT COURT FOR THE
                                                NORTHERN DISTRICT OF CALIFORNIA
15  P.F. CHANG'S CHINA BISTRO, INC.,
    and DOES 1 through 50,
16
                     Defendants.
17

18         DEFENDANT P.F. CHANG'S CHINA BISTRO, INC. ("Defendant") gives notice that

19  this cause is hereby removed from the Superior Court of the State of California for the County of

20  Alameda, to the United States District Court for the Northern District of California.  Defendant

21  removes this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28

22  U.S.C. § 1453, and states that this Court has jurisdiction over the action pursuant to the Class

23  Action Fairness Act of 2005.

24         As and for its Notice of Removal, Defendant pleads as follows:

25         1.      This lawsuit is a civil action within the meaning of the Acts of Congress

26  relating to removal of class actions.  See 28 U.S.C. § 1453.

27

28

1-SF/7668506.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2. Plaintiff Sylvia Castillo instituted this civil action in the Superior Court of the State of California for the County of Alameda on or about January 9, 2008, against Defendant, and was assigned Case Number 108CV102887 in said court.

3. This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

4. The Summons, Civil Case Cover Sheet and Complaint were served upon Defendant on January 31, 2008, by process server. True and correct copies of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as Exhibit A.

5. On February 29, 2008, Defendant filed and served its Answer to Plaintiff's unverified complaint ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as Exhibit B. The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached hereto as Exhibits A and B) constitute all process, pleadings and orders filed in this case, that have been filed in this action.

6. Because this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon the Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453.

7. This lawsuit was brought by a putative representative person on behalf of a proposed class of individuals. Ex. A, ¶¶ 1-3, 21. As such this matter is a purported class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

8. This action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Defendant, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1

2

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1    I.    **DIVERSITY OF CITIZENSHIP EXISTS**

2            9.    Plaintiff Sylvia Castillo was employed by Defendant in California and

3    resides in California. Ex. A, ¶ 9. Plaintiff does not allege any alternative state of residence.

4    Accordingly, upon information and belief, Plaintiff was at the institution of this civil action, and

5    was at all times intervening, a citizen and resident of California.

6            10.    Defendant is, and was at the time of the institution of this civil action, and

7    at all times intervening, a corporation organized and existing under and by virtue of the laws of

8    the State of Delaware with its principal place of business (where the majority of its executive and

9    administrative functions are performed) in Arizona. Defendant, therefore is a citizen of Delaware

10    and Arizona for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11            11.    As of the end of 2007, Defendant conducted business in 38 states.

12            12.    Defendant's business activities do not substantially predominate in any one

13    state and the amount of Defendant's business activity in California is not significantly larger than

14    other state in which it conducts business. As a result, Defendant is not now, and was not at the

15    time of the filing of the Complaint, a citizen of the State of California within the meaning of the

16    Acts of Congress relating to the removal of causes. See *Arellano v. Home Depot U.S.A., Inc.*, 245

17    F. Supp. 2d 1102, 1105 (S.D. Cal. 2003). Accordingly, Defendant is a citizen of Delaware and

18    Arizona.

19            13.    Based on the Complaint, therefore, at least one member of the proposed

20    class of plaintiffs (Castillo) is a citizen of a state different from Defendant.

21    II.    **THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

22            14.    Pursuant to CAFA, the claims of the individual members in a class action

23    are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

24    *See* 28 U.S.C. § 1332(d)(6).

25            15.    In addition, Congress intended for federal jurisdiction to be appropriate

26    under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint

27    of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1                                      3

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1    damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14,

2    at 42.)

3         16.    The Complaint seeks relief on behalf of a putative class consisting of

4    current and former food servers employed by Defendant in California. Defendant currently

5    employs approximately 1,774 food servers.

6         17.    The Complaint in the instant action purports to allege multiple claims on

7    behalf of the putative class members for unpaid wages and other relief including civil penalties

8    and injunctive and equitable relief under various sections of the California Labor Code and the

9    California IWC Wage Orders, and for restitution under Business and Professions Code § 17200.

10   Ex. A., ¶¶ 1-3, 35, 39, 51; Prayer for Relief ¶¶ A-G.

11        18.    Plaintiff alleges that her claims are typical of the claims of the members of

12   the proposed classes. Ex. A. ¶ 25.

13        19.    The Complaint alleges that Plaintiff and the members of the class worked

14   in excess of five hours a day without being afforded at least a thirty minute meal period and were

15   not provided with premium pay of one-hour for each workday that a proper meal period was not

16   provided in violation of California Labor Code §§ 226.7, 512, and California Wage Order 4-2000

17   and 4-2001. Ex. A, ¶¶ 32-33.

18        20.    Plaintiff alleges that she and the class members are entitled to "premium

19   pay" for each workday that a proper meal period was not provided. Ex. A, ¶¶ 33-34

20        21.    Under Plaintiff's theory of the case, if the putative class members were not

21   provided with even one 30-minute meal period per week, the potential liability could be: 1,774

22   current putative class members x $8.00 (one hour of pay)[1] x 156 weeks (3 years) = $2,213,952.

23        22.    Plaintiff also alleges claims on behalf of all of Defendant's food servers in

24   California for violations of California Labor Code § 226(a)(1). Ex. A, ¶¶ 37-38. Plaintiff alleges

25   that Plaintiff and the putative class members are entitled to damages and penalties under Section

26   226(e). Under Section 226(e), an injured employee can recover actual damages or penalties of

27   $50 for the initial pay period in which a violation occurs and $100 for each violation in a

28

---

[1] This is Plaintiff's current hourly rate of pay.
1-SF/7668506.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1  subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation.

2  Plaintiff has been employed by Defendant since June 6, 2006.  In the year prior to the filing of the

3  Complaint, Plaintiff received 26 paychecks.  Thus, under Plaintiff's theory of the case, assuming

4  each of these paychecks violated § 226, she could recover $2,550 in penalties.  As to the putative

5  class Plaintiff seeks to represent, assuming that Plaintiff's claim is typical as alleged and that the

6  food servers in the year prior to the filing of the Complaint received a similar number of

7  paychecks, then the potential aggregate penalties under Section 226(e) for putative class members

8  could be $4,523,700 (1,774 putative class members x $2,550).

9        23.    Plaintiff also seeks attorneys' fees under various laws.  Attorneys' fees are

10  properly included in determining the amount in controversy. *Sanchez v. Wal-Mart Stores, Inc.*,

11  2007 WL 1345706, *2 (E.D.Cal. 2007) ("attorney's fees, if authorized by statute or contract, are

12  also part of the calculation").  Assuming Plaintiff can recover on their theories and allegations,

13  under their theory of the case, she would undoubtedly argue that she would be entitled to receive

14  attorneys' fees of approximately 25% of the total recovery or $1,684,413. *Cf. In re Quintus*

15  *Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action

16  settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common

17  fund).

18        24.    Thus, although Defendant denies Plaintiff's factual allegations or that she

19  or the class or subclass that she purports to represent are entitled to the relief for which she has

20  prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly

21  exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

22  **III.**    **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

23        25.    As set forth above, this Notice of Removal is filed within thirty days of

24  service of the Summons, Civil Case Cover Sheet and Complaint upon Defendants.

25        26.    Defendant will promptly serve Plaintiff with this Notice of Removal and

26  will promptly file a copy of this Notice of Removal with the clerk of the state court in which the

27  action is pending, as required under 28 U.S.C. § 1446(d).

28        27.    Defendant has sought no similar relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

28.    The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

29.    Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

30.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, desiring to remove this case to the United States District Court for the Eastern District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: March 3, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Rebecca D. Eisen

Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1                                          6

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

JS 44  (Rev. 11/04)  **CIVIL COVER SHEET**  E-filing

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sylvia Castillo

**DEFENDANTS**
P.F. Chang's China Bistro, Inc.

RS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dennis Moss, David Arbogast, Fernando Vicente
Spiro Moss Barness, LLP
1277 W. Olympic Blvd., Fifth Floor
Los Angeles CA  90064-1683
(310) 235-2468 Phone/310-235-2456 Fax

Attorneys (If Known)
Rebecca Eisen
M. Michael Cole
Morgan Lewis & Bockius
One Market, Spear Street Tower, San Francisco CA  94105
(415) 442-1000 Phone / (415) 442-1001 Fax

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 810 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 863 DIWC/DIWW | ☐ 875 Customer Challenge |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor | (405(g)) | 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | Product Liability | Standards Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt. | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Reporting & | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Disclosure Act | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party | ☐ 895 Freedom of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | 26 USC 7609 | Information Act |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☒ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S.C. §§1332(d), 1441, 1446, 1453

Brief description of cause: Failure to provide meal periods, failure to furnish timely & accurate wage statements, violation of California's unfair competition law

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

NDC JS44

1  REBECCA EISEN, State Bar No. 096129
   M. MICHAEL COLE, State Bar No. 235538
2  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel:  415.442.1000
4  Fax:  415.442.1001
   reisen@morganlewis.com
5  mcole@morganlewis.com

6  Attorneys for Defendant
   P.F. CHANG'S CHINA BISTRO, INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  SYLVIA CASTILLO, on behalf of herself    Case No.
    and on behalf of all others similarly         CV   08   1247
12  situated and the General Public,
                                             DEFENDANT P.F. CHANG'S CHINA
13                  Plaintiff,               BISTRO, INC.'S NOTICE OF REMOVAL
                                             OF ACTION TO THE UNITED STATES
14         vs.                               DISTRICT COURT FOR THE
                                             NORTHERN DISTRICT OF CALIFORNIA
15  P.F. CHANG'S CHINA BISTRO, INC.,
    and DOES 1 through 50,
16
17                  Defendants.

18         DEFENDANT P.F. CHANG'S CHINA BISTRO, INC. ("Defendant") gives notice that

19  this cause is hereby removed from the Superior Court of the State of California for the County of

20  Alameda, to the United States District Court for the Northern District of California.  Defendant

21  removes this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28

22  U.S.C. § 1453, and states that this Court has jurisdiction over the action pursuant to the Class

23  Action Fairness Act of 2005.

24         As and for its Notice of Removal, Defendant pleads as follows:

25              1.    This lawsuit is a civil action within the meaning of the Acts of Congress

26  relating to removal of class actions.  See 28 U.S.C. § 1453.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2.      Plaintiff Sylvia Castillo instituted this civil action in the Superior Court of the State of California for the County of Alameda on or about January 9, 2008, against Defendant, and was assigned Case Number 108CV102887 in said court.

3.      This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

4.      The Summons, Civil Case Cover Sheet and Complaint were served upon Defendant on January 31, 2008, by process server. True and correct copies of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as <u>Exhibit A</u>.

5.      On February 29, 2008, Defendant filed and served its Answer to Plaintiff's unverified complaint ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as <u>Exhibit B</u>. The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached hereto as Exhibits A and B) constitute all process, pleadings and orders filed in this case, that have been filed in this action.

6.      Because this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon the Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453.

7.      This lawsuit was brought by a putative representative person on behalf of a proposed class of individuals. Ex. A, ¶¶ 1-3, 21. As such this matter is a purported class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

8.      This action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Defendant, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1                                    2

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# I.    DIVERSITY OF CITIZENSHIP EXISTS

9.    Plaintiff Sylvia Castillo was employed by Defendant in California and resides in California. Ex. A, ¶ 9. Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Plaintiff was at the institution of this civil action, and was at all times intervening, a citizen and resident of California.

10.    Defendant is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business (where the majority of its executive and administrative functions are performed) in Arizona. Defendant, therefore is a citizen of Delaware and Arizona for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11.    As of the end of 2007, Defendant conducted business in 38 states.

12.    Defendant's business activities do not substantially predominate in any one state and the amount of Defendant's business activity in California is not significantly larger than other state in which it conducts business. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of causes. See *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1105 (S.D. Cal. 2003). Accordingly, Defendant is a citizen of Delaware and Arizona.

13.    Based on the Complaint, therefore, at least one member of the proposed class of plaintiffs (Castillo) is a citizen of a state different from Defendant.

# II.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

14.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6).

15.    In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7668506.1                                3

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1   damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14,

2   at 42.)

3          16.    The Complaint seeks relief on behalf of a putative class consisting of

4   current and former food servers employed by Defendant in California.  Defendant currently

5   employs approximately 1,774 food servers.

6          17.    The Complaint in the instant action purports to allege multiple claims on

7   behalf of the putative class members for unpaid wages and other relief including civil penalties

8   and injunctive and equitable relief under various sections of the California Labor Code and the

9   California IWC Wage Orders, and for restitution under Business and Professions Code § 17200.

10  Ex. A., ¶¶ 1-3, 35, 39, 51; Prayer for Relief ¶¶ A-G.

11         18.    Plaintiff alleges that her claims are typical of the claims of the members of

12  the proposed classes. Ex. A. ¶ 25.

13         19.    The Complaint alleges that Plaintiff and the members of the class worked

14  in excess of five hours a day without being afforded at least a thirty minute meal period and were

15  not provided with premium pay of one-hour for each workday that a proper meal period was not

16  provided in violation of California Labor Code §§ 226.7, 512, and California Wage Order 4-2000

17  and 4-2001. Ex. A, ¶¶ 32-33.

18         20.    Plaintiff alleges that she and the class members are entitled to "premium

19  pay" for each workday that a proper meal period was not provided. Ex. A, ¶¶ 33-34

20         21.    Under Plaintiff's theory of the case, if the putative class members were not

21  provided with even one 30-minute meal period per week, the potential liability could be: 1,774

22  current putative class members x $8.00 (one hour of pay)[1] x 156 weeks (3 years) = $2,213,952.

23         22.    Plaintiff also alleges claims on behalf of all of Defendant's food servers in

24  California for violations of California Labor Code § 226(a)(1). Ex. A, ¶¶ 37-38.  Plaintiff alleges

25  that Plaintiff and the putative class members are entitled to damages and penalties under Section

26  226(e).  Under Section 226(e), an injured employee can recover actual damages or penalties of

27  $50 for the initial pay period in which a violation occurs and $100 for each violation in a

28

---

[1]  This is Plaintiff's current hourly rate of pay.

1-SF/7668506.1

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1   subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation.

2   Plaintiff has been employed by Defendant since June 6, 2006. In the year prior to the filing of the

3   Complaint, Plaintiff received 26 paychecks. Thus, under Plaintiff's theory of the case, assuming

4   each of these paychecks violated § 226, she could recover $2,550 in penalties. As to the putative

5   class Plaintiff seeks to represent, assuming that Plaintiff's claim is typical as alleged and that the

6   food servers in the year prior to the filing of the Complaint received a similar number of

7   paychecks, then the potential aggregate penalties under Section 226(e) for putative class members

8   could be $4,523,700 (1,774 putative class members x $2,550).

9           23.     Plaintiff also seeks attorneys' fees under various laws. Attorneys' fees are

10  properly included in determining the amount in controversy. *Sanchez v. Wal-Mart Stores, Inc.*,

11  2007 WL 1345706, *2 (E.D.Cal. 2007) ("attorney's fees, if authorized by statute or contract, are

12  also part of the calculation"). Assuming Plaintiff can recover on their theories and allegations,

13  under their theory of the case, she would undoubtedly argue that she would be entitled to receive

14  attorneys' fees of approximately 25% of the total recovery or $1,684,413. *Cf. In re Quintus*

15  *Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action

16  settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common

17  fund).

18          24.     Thus, although Defendant denies Plaintiff's factual allegations or that she

19  or the class or subclass that she purports to represent are entitled to the relief for which she has

20  prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly

21  exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

22  **III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

23          25.     As set forth above, this Notice of Removal is filed within thirty days of

24  service of the Summons, Civil Case Cover Sheet and Complaint upon Defendants.

25          26.     Defendant will promptly serve Plaintiff with this Notice of Removal and

26  will promptly file a copy of this Notice of Removal with the clerk of the state court in which the

27  action is pending, as required under 28 U.S.C. § 1446(d).

28          27.     Defendant has sought no similar relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1

5

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1

28. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been

2 met.

3

29. Because this Court has original jurisdiction under the provisions of 28

4 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

5

30. If any question arises as to the propriety of the removal of this action,

6 Defendant requests the opportunity to present a brief and oral argument in support of its position

7 that this case is removable.

8  WHEREFORE, Defendant, desiring to remove this case to the United States District

9 Court for the Eastern District of California, prays that the filing of this Notice of Removal shall

10 effect the removal of the suit to this Court.

11

12 Dated: March 3, 2008

     MORGAN, LEWIS & BOCKIUS LLP

13

14

15     By _____

      Rebecca D. Eisen

16

     Attorneys for Defendants
17     P.F. CHANG'S CHINA BISTRO, INC.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

JS 44 (Rev. 11/04) **CIVIL COVER SHEET** E-filing

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sylvia Castillo

**DEFENDANTS**
P.F. Chang's China Bistro, Inc.

*RS*

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dennis Moss, David Arbogast, Fernando Vicente
Spiro Moss Barness, LLP
1277 W. Olympic Blvd., Fifth Floor
Los Angeles CA 90064-1683
(310)235-2468 Phone/310-235-2456 Fax

Attorneys (If Known)
Rebecca Eisen
M. Michael Cole
Morgan Lewis & Bockius
One Market, Spear Street Tower, San Francisco CA 94105
(415) 442-1000 Phone / (415) 442-1001 Fax

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§1332(d), 1441, 1446, 1453

Brief description of cause: Failure to provide meal periods, failure to furnish timely & accurate wage statements, violation of California's unfair competition law.

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

NDC-JS44

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  JENNIFER TYRRELL
P.F. CHANG'S CHINA BISTRO, INC.
7676 EAST PINNACLE PEAK ROAD
SCOTTSDALE, AZ 85255-

SOP Transmittal # CA55113

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: P.F. CHANG'S CHINA BISTRO, INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of   CALIFORNIA   on this  31  day of   January  ,  2008 . The following is a summary of the document(s) received:

1.  **Title of Action:** Sylvia Castillo v. P.F. Chang's China Bistro, Inc., et al.

2.  **Document(s) served:**

    X Summons            __ Subpoena                   __ Injunction
    X Complaint          __ Third Party Complaint      __ Notice of
    __ Petition          X Demand for Jury Trial       __ Mechanics Lien
    __ Garnishment       __ Default Judgement          __ Other:

3.  **Court of Jurisdiction/**   Santa Clara County Superior Court
    **Case & Docket Number:** 108CV102887

4.  **Amount Claimed, if any:** None Given

5.  **Method of Service** (select one):
    X Personally served by:   X Process Server        __ Deputy Sheriff        __ U. S Marshall
    __ Delivered Via:         __ Certified Mail        __ Regular Mail          __ Facsimile
                              (Envelope enclosed)      (Envelope enclosed)
    __ Other (Explain):

6.  **Date and Time of Service:** 1/31/2008 2:32:42 PM PST (GMT -8)

7.  **Appearance/Answer Date:** 30 Days

8.  **Plaintiff's Attorney:**      David M. Arbogast
    (Name, Address & Telephone Number)  Spiro Moss Barness LLP
                                    11377 W. Olympic Blvd., 5th Floor
                                    Los Angeles, CA 90096-1683
                                    (310) 235-2468

9.  **Federal Express Airbill #** 798364875019

10. **Call Made to:** Not required

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**            **Copies To:**

Transmitted by: Dena LaPorta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

**SUMMONS**
*(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

P.F. CHANG'S CHINA BISTRO, INC., and DOES 1 through 50

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SYLVIA CASTILLO, on behalf of herself and on behalf of all others
similarly situated and the General Public

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CHIEF EXE...        CLERK
SUPERI...       OF CA
COUNTY ...       LARA
BY...        ...TY

L. QUACH-MARCELLANA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 N. First Street
San Jose, California 95113-1090

CASE NUMBER:
*(Número del Caso):*  08CV102887

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David M. Arbogast, SPIRO MOSS BARNESS LLP
11377 W. Olympic Blvd., 5th Floor, Los Angeles, California 90096-1683 (310) 235-2468

| DATE:<br>*(Fecha)* | JAN 0 9 2008 | Clerk, by<br>*(Secretario)* | Kiri Torre | , Deputy<br>*(Adjunto)* QUACH-MARCELLANA |
|---|---|---|---|---|

*(For proof of service of this summons use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* P.F. Chang's China Bistro, INC

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
               ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
               ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 466<br>American LegalNet, Inc.  www.USCourtForms.com |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David M. Arbogast - State Bar No. 167571<br>SPIRO MOSS BARNESS LLP<br>11377 W. Olympic Blvd., Fifth Floor<br>Los Angeles, California 90064-1683<br>TELEPHONE NO: (310) 235-2468    FAX NO: (310) 235-2456<br>ATTORNEY FOR (Name): Plaintiff, SYLVIA CASTILLO | 2008 JAN 9 PM 2:12<br><br>CHIEF EXE... ...CLERK<br>SUPERI... ...F CA<br>COUNTY ... ...ARA<br><br>L. OUACH-MARCELLANA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, California 95113-1090
BRANCH NAME: Downtown

CASE NAME:
SYLVIA CASTILLO et. al. v. P.F. CHANG'S CHINA BISTRO, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 108CV102887<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 9, 2008

David M. Arbogast
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

(ENDORSED)

1  Dennis F. Moss - State Bar No. 77512
   David M. Arbogast - State Bar No. 167571
2  Fernando A. Vicente - State Bar No. 225362
   **SPIRO MOSS BARNESS LLP**
3  11377 W. Olympic Boulevard., Fifth Floor
   Los Angeles, CA 90064-1683
4  Telephone: (310) 235-2468
   Facsimile: (310) 235-2456
5  dennisfmoss@yahoo.com
   David@SpiroMoss.com
6  Fernando@SpiroMoss.com

7  Jeffrey K. Berns, Esq. (SBN 131351)
   **LAW OFFICES OF JEFFREY K. BERNS**
8  19510 Ventura Boulevard, Suite 200
   Tarzana, California 91356
9  Phone: (818) 961-2000
   Fax:   (818) 867-4820
10 jberns@jeffbernslaw.com

11 Attorneys for Plaintiff and all others Similarly Situated

12

13             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                        **COUNTY OF SANTA CLARA**

15
   SYLVIA CASTILLO, on behalf of herself     )   CASE NO. **108CV102887**
16 and on behalf of all others similarly situated )
   and the General Public,                   )
17                                            )   CLASS ACTION
                                              )
18                      Plaintiff,            )   **COMPLAINT FOR:**
                                              )
19         v.                                 )   **(1)  FAILURE TO PROVIDE MEAL PERIODS**
                                              )        **IN VIOLATION OF LABOR CODE §§ 226.7,**
20                                            )        **512, AND WAGE ORDER NO. 4;**
                                              )
21 P.F. CHANG'S CHINA BISTRO, INC.,           )   **(2)  FAILURE TO FURNISH TIMELY AND**
   and DOES 1 through 50,                     )        **ACCURATE WAGE STATEMENTS IN**
22                                            )        **VIOLATION OF LABOR CODE §§ 226, 226.3**
                    Defendants.               )
23                                            )   **(3)  VIOLATION OF CALIFORNIA'S UNFAIR**
                                              )        **COMPETITION LAW ("UCL"), Bus. & Prof.**
24                                            )        **Code § 17200 et seq.**
                                              )
25                                            )
                                              )
26 _____)   **DEMAND FOR JURY TRIAL**

27

28

                                   -1-
                       **CLASS ACTION COMPLAINT**

1  Plaintiff SYLVIA CASTILLO ("Plaintiff"), on behalf of herself and all others similarly situated,
2  complain and allege as follows:
3
4                                                    I.
5                                        INTRODUCTION
6      1.    This is a class action, under Code of Civil Procedure § 382, seeking unpaid wages and
7  interest thereon for missed meal periods, waiting time penalties, civil penalties, injunctive and other
8  equitable relief, and reasonable attorneys' fees and costs, under Labor Code §226.7, 512, and IWC Wage
9  Order No. 4 on behalf of Plaintiffs and all other persons who have been employed by Defendant P.F.
10 CHANG'S CHINA BISTRO, INC. and DOES 1 through 50 as food service employees, in California,
11 during the liability period.
12     2.    This class action is also brought under Business & Professions Code §§ 17200 et seq. and
13 other laws and seeks to hold Defendant liable to Plaintiff and others similarly situated for, among other
14 things, Defendant's unlawful and/or unfair business acts and practices in failing to provide thirty (30)
15 minute, uninterrupted meal breaks for each work period ("shifts") over five (5) hours.
16     3.    Plaintiff brings this class action on behalf of herself and all others similarly situated for
17 unpaid wages, damages, waiting time penalties, restitution, and other relief against Defendants for,
18 among other things, their unlawful and/or unfair acts and/or practices as alleged herein.
19
20                                                   II.
21                            JURISDICTION AND VENUE
22     4.    This Court has jurisdiction over Plaintiff's and the Class members' claims for meal
23 period violations under Labor Code § 218.
24     5.    This Court has jurisdiction over Plaintiff's and the Class members' for failure to pay
25 wages of discharged employees under Labor Code § 203.
26     6.    This Court has jurisdiction over Plaintiff's and the Class members' claims for injunctive
27 relief, and restitution of unpaid wages and other ill-gotten benefits arising from Defendants' unlawful
28 and/or unfair business practices under Business & Professions Code §§ 17200 et seq.

1       7.    This Court has jurisdiction over this action under Article 6 of the California Constitution

2  and Code of Civil Procedure § 410.10.

3       8.    Venue is proper in this judicial district, pursuant to Code of Civil Procedure § 395.5

4  because acts, conduct, and events alleged herein occurred in Santa Clara County. Each Defendant either

5  maintains headquarters or other offices, transacts business, and/or has an agent in Santa Clara County,

6  and each Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The

7  unlawful acts alleged herein have a direct effect on Plaintiff and others similarly situated within the State

8  of California and within Santa Clara County. Defendants operate restaurants and food service

9  businesses in Santa Clara County as well as in other counties within the State of California and employ

10  numerous Class Members throughout Santa Clara County.

11

12                    III.

13               **PARTIES**

14       9.    Plaintiff SYLVIA CASTILLO is a Santa Clara County, California resident. Ms. Castillo

15  is and was employed by Defendant as a food server in Santa Clara County, California.

16     10.    Plaintiff appears in this action on behalf of herself and on behalf of all others similarly

17  situated pursuant to Business and Professions Code §§17200 et. seq. Plaintiff also appears on behalf of

18  the General Public in her capacity as a private attorney general.

19     11.    Defendant P.F. Chang's China Bistro, Inc. (hereafter "P.F. CHANG's" or "Defendant") is

20  a California corporation doing business in California and throughout the United States. P.F. CHANG's

21  does business in Santa Clara County, California and at relevant times employed Plaintiffs and numerous

22  other food servers in Santa Clara County, throughout California and the rest of the United States.

23  Defendant U.S. Security has significant contacts with Santa Clara County and the activities complained

24  of herein occurred in whole or in part, in Santa Clara County.

25     12.    Plaintiff is informed, believes and thereon alleges that Defendants Does 1 through 50 are

26  corporations, or are other business entities or organizations of a nature unknown to Plaintiffs.

27     13.    Plaintiff is unaware of the true names of Defendants Does 1 through 50. Plaintiff sues

28  said Defendants by said fictitious names, and will amend this complaint when the true names and

1  capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by

2  law or by the Court.  Plaintiff is informed, believes, and thereon alleges, that each of the fictitiously

3  named Defendants is in some manner responsible for the events and allegations set forth in this

4  complaint.

5          14.      Plaintiff is informed, believes, and thereon alleges, that at all relevant times, each

6  Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling

7  shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest

8  of some or all of the other Defendants, and was engaged with some or all of the other defendants in a

9  joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to

10  be liable for their conduct with respect to the matters alleged in this complaint.  Plaintiff is further

11  informed, believes, and thereon alleges, that each Defendant acted pursuant to and within the scope of

12  the relationships alleged above, and that at all relevant times, each defendant knew or should have

13  known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all

14  other defendants.  As used in this complaint, "Defendant" means "Defendants and each of them," and

15  refers to the Defendants named in the particular cause of action in which the word appears and includes

16  Defendant P.F. CHANG's and Does 1 through 50.

17          15.      At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

18  employee, and/or joint venturer of each of the other defendants and was acting within the course and

19  scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent

20  of each of the other Defendants.

21          16.      Plaintiff makes the allegations in this complaint without any admission that, as to any

22  particular allegation, Plaintiff bears the burden of pleading, proving, or persuading, and Plaintiff reserves

23  all of her rights to plead in the alternative.

24

25                                      IV.

26                  FACTS COMMON TO ALL CAUSES OF ACTION

27          17.      P.F. CHANG's is a chain of restaurants featuring traditional Chinese offerings and dishes

28  influenced by Southeast Asia and modern Chinese cuisine.   At all times during the liability period, P.F.

1  CHANG's maintained and maintains offices and restaurants in Santa Clara, California.

2      18.    At all times relevant, Defendant P.F. CHANG's and DOES 1 through 50 (hereafter
3  "Defendants") have jointly owned, managed, and/or operated restaurants in Santa Clara County and
4  throughout the State of California.

5      19.    At all times during the liability period, Defendant employed Plaintiff and numerous other
6  similarly situated food servers to provide service for P.F. CHANG's's customers at restaurants located in
7  Santa Clara County and throughout the State of California.

8      20.    At all times during the liability period, Plaintiff and other similarly situated P.F.
9  CHANG's employee food servers were assigned to work shifts lasting over five (5) hours and were not
10  provided nor allowed to take a thirty (30) minute, uninterrupted meal break for such shift or work period.

11

12                                              V.

13              CLASS DEFINITION AND CLASS ALLEGATIONS

14      21.    Plaintiff brings this action on behalf of herself, on behalf of all others similarly situated,
15  and on behalf of the General Public, and as a member the Class defined as follows:

16              **All current and former food servers employed by Defendants in California,**
17              **at any time beginning four (4) years prior to the filing of the complaint**
18              **through the date notice is mailed to the Class.**

19      22.    This action has been brought and may be properly maintained as a class action pursuant
20  to the provisions of California Code of Civil Procedure § 382 and other applicable law.

21      23.    **Numerosity of the Class** - Code of Civ. Proc. § 382: Members of the Class are so
22  numerous that their individual joinder is impracticable. Plaintiff estimates that there are no less than 800
23  current and former aggrieved employees of Defendants employed in food server positions in California
24  during the Class period. The precise number of class members and their addresses are unknown to
25  Plaintiff, however Plaintiff is informed and believes that the number can be obtained from the
26  Defendants' records. Class members may be notified of the pendency of this action by electronic mail,
27  the Internet, other mail, or published notice.

28  / / /

1    24.   **Existence of Predominance of Common Questions of Fact and Law** - Code of Civ.

2 Proc. § 382: Common questions of law and fact exist as to all members of the Class. These questions

3 predominate over any questions affecting only individual class members. These common legal and

4 factual questions include:

5    (a)    Whether Defendant failed to provide their employees working as food servers thirty (30)

6 minute, uninterrupted meal breaks as contemplated by California law for work periods of over five (5)

7 hours;

8    (b)    Whether Defendant violated Wage Oder 4-2000, 4-2001 and Labor Code §§ 226.7 and

9 512 by failing to afford their employee food servers proper meal periods;

10    (c)    Whether Defendant committed an unlawful business act or practice within the meaning of

11 the Business and Professions Code §§ 17200 *et. seq.*;

12    (d)    Whether Defendant violated Business and Professions Code § 17200, *et seq.* by failing to

13 afford their employee food servers proper meal periods;

14    (e)    Whether the Class members are entitled to unpaid wages, waiting time penalties and other

15 relief;

16    (f)    Whether, as a result of Defendant's unlawful conduct, Plaintiff and the Class members

17 are entitled to unpaid wages, waiting time penalties, restitution, equitable relief and other relief, and the

18 nature and amount of such relief;

19    (g)    Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as

20 to Plaintiffs and the Class Members as a whole.

21    25.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class

22 because Plaintiff, as an employee food server of Defendant was exposed and subjugated to the same

23 unlawful business practice of failing to provide meal breaks to their employees for all shifts over five(5)

24 hours in duration. Plaintiff and the members of the Class sustained the same types of damages and

25 losses.

26    26.    **Adequacy**: Plaintiff is an adequate representative of the Class because her interests do

27 not conflict with the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has

28 retained counsel competent and experienced in complex class action litigation and Plaintiff intends to

1   prosecute this action vigorously.   The interests of members of the Class will be fairly and adequately

2   protected by Plaintiff and her counsel.

3       27.   **Superiority and Substantial Benefit**:  The class action is superior to other available

4   means for the fair and efficient adjudication of Plaintiff's and the Class members' claims.  The damages

5   suffered by each individual Class member may be limited.  Damages of such magnitude are small given

6   the burden and expense of individual prosecution of the complex and extensive litigation necessitated by

7   Defendants' conduct.  Further, it would be virtually impossible for the Class members to redress the

8   wrongs done to them on an individual basis.  Even if members of the Class themselves could afford such

9   individual litigation, the court system could not.  Individualized litigation increases the delay and

10  expense to all parties and the court system, due to the complex legal and factual issues of the case.  By

11  contrast, the class action device presents far fewer management difficulties, and provides the benefits of

12  single adjudication, economy of scale, and comprehensive supervision by a single court.

13      28.   In the alternative, the Class should be certified because:

14          (a)   The prosecution of separate actions by individual members of the Class would

15  create a risk of inconsistent or varying adjudications with respect to individual Class members which

16  would establish incompatible standards of conduct for Defendants;

17          (b)   The prosecution of separate actions by individual members of the Class would

18  create a risk of adjudications with respect to them, which would, as a practical matter, be dispositive of

19  the interests of the other Class members not parties to the adjudications, or substantially impair or

20  impede their ability to protect their interests; and

21          (c)   Defendants have acted or refused to act on grounds generally applicable to the

22  Class, and/or the General Public, thereby making appropriate final and injunctive relief with respect to

23  the classes as a whole.

24

25                                VI.

26          PRIVATE ATTORNEY GENERAL ALLEGATIONS

27      29.   In addition to asserting class action claims in this action, Plaintiff asserts these claims as a

28  private attorney general on behalf of the members of the General Public pursuant to Business and

-7-

1   Professions Code section 17204. The purpose of such claims are to require Defendant to disgorge and
2   restore all monies wrongfully obtained by Defendant through its unlawful business acts and practices. A
3   private attorney general action is necessary and appropriate because Defendants have engaged in the
4   wrongful acts described herein as a general business practice. Pursuant to Business & Professions Code
5   § 17203, Plaintiff pursues said representative claims and seeks relief on behalf of herself and the Class
6   pursuant to Code of Civil Procedure § 382.

7

8                                              VII.

9                                    FIRST CAUSE OF ACTION

10            UNLAWFUL FAILURE TO PROVIDE ADEQUATE MEAL PERIODS

11       (Violation of California Labor Code §§ 512, 226.7 Wage Order Nos. 4-2000 and 4-2001)

12                                     (Against All Defendants)

13        30.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

14        31.    Defendants unlawful conduct alleged herein occurred in the course of employment of
15   Plaintiff and all others similarly situated and Defendants have done so continuously through the filing of
16   this complaint.

17        32.    Plaintiff and similarly situated Class members regularly work in excess of five (5) hours a
18   day without being afforded at least a thirty (30) minuted meal period in which they are relieved of all
19   duties as required by Labor Code §§ 226.7 and 512 and Wage Orders No. 4-2000 and 4-2001, §11A.

20        33.    Because Defendants failed to afford proper meal periods, they are liable to Plaintiff and
21   the Class members for one hour of additional pay at the regular rate of compensation for each workday
22   that the proper meal period was not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-
23   2000 and 4-2001, § 11B.

24        34.    As a direct and proximate result of Defendants violation of Labor Code §§ 512, 226.7
25   and Wage Order Nos. 4-2000 and 4-2001, Plaintiff and other Class members have suffered irreparable
26   harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf
27   of herself and on behalf of the Class, seek damages and all other relief allowable including premium pay
28   for each work shift longer than five (5) hours during which the employee was not provided a full thirty

1   (30) minute uninterrupted meal break, attorneys fees, prejudgment interest, and as to those employees no

2   longer employed by Defendants, waiting time penalties pursuant to Labor Code §§ 200 *et seq.*.

3        35.     WHEREFORE, Plaintiff and the Class members are entitled to one hour of pay for each

4   missed meal break, pre-judgment interest, attorneys' fees and costs, and for the class members no longer

5   employed, waiting time penalties pursuant to Labor Code §203.

6

7                                        VIII.

8                          SECOND CAUSE OF ACTION

9        FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS

10              (Violation of California Labor Code §§ 226, 226.3)

11                          (Against All Defendants)

12       36.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

13       37.    California Labor Code § 226 (a) requires employers to semi-monthly or at the time each

14   payment of wages is made to furnish each employee with a statement itemizing, *inter alia*, the gross

15   wages earned by the employee. Labor Code § 226 (b) provides that if an employer knowingly and

16   intentionally fails to provide a statement itemizing, inter alias the total gross wages by the employer,

17   then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the

18   initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand

19   dollars ($4000).

20       38.    Plaintiff is informed, believes, and thereon alleges, that at all times relevant, Defendants

21   knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish

22   each Plaintiff and Class member with timely and accurate itemized statements showing the gross wages

23   earned by each of them, as required by Labor Code § 226 (a) by leaving out the premium wages payable

24   by virtue of the meal break violations.

25       39.    WHEREFORE, Defendants are liable to Plaintiff and other Class members for the

26   amounts provided by Labor Code § 226 (b).

27   / / /

28   / / /

IX.

## FIFTH CAUSE OF ACTION

Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et. seq.*

(Against All Defendants)

40.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

41.     Plaintiff brings this claim on behalf of herself and all others similarly situated in her representative capacity as a private attorney general against Defendant and Does 1 through 50, for its unlawful business acts and/or practices pursuant to California Business & Professions Code section 17200 *et seq.* ("UCL") which prohibits all unlawful business acts and/or practices.

42.     Plaintiff asserts these claims as she is a representatives of an aggrieved group and as a private attorney general on behalf of the General Public and other persons who been exposed to Defendants unlawful acts and/or practices and are owed wages that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business & Professions Code §§ 17200, *et seq.*

43.     Defendants' failure to provide legally required meal periods, as alleged above, constitutes unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

44.     As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and the Class members. Defendant should be enjoined from this activity and provide restitution by restoring to Plaintiff and the other Class members the wrongfully withheld wages as alleged herein.

45.     The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

46.     Defendant's misconduct, as alleged herein, gave Defendant an unfair competitive advantage over its competitors.

47.     As a direct and proximate result of the aforementioned acts, Defendant, and each of them, received and continues to hold monies which Plaintiff and the other Class Members have a possessory interest in.

48.     Plaintiff and members of the Class are direct victims of Defendant's unlawful conduct, and each has suffered injury in fact, and has lost money or property as a result of Defendants' unfair competition.

49.     Defendant's conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's business, and thereby constitutes violations of California Business and Professions Code sections 17200, *et seq.*  Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

50.     Pursuant to Section 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

51.     WHEREFORE, Plaintiff and the other Class members are entitled to equitable relief, including restitution, attorney fees and costs, declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or unfair activity.

## X.

## PRAYER

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, and on behalf of the General Public, pray for judgment against Defendants as follows:

A.     An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B.     For one hour of wages due Plaintiff and each Class Member for each work period of more than five (5) hours within which they did not receive an uninterrupted thirty (30) minute meal break;

C.     For an order awarding restitution of the meal break premium wages withheld by Defendants, together with interest thereon to the date of payment to the Class members;

D.     For an order requiring Defendants to immediately cease its unlawful and wrongful conduct as set forth above; enjoining Defendants from continuing to fail to provide its employees with lawfully required uninterrupted thirty (30) minute meal break periods;

E. For reasonable attorneys' fees and the costs of this action;

F. For pre-judgment interest at the maximum legal rate; and

G. For such other relief as this Court may deem just and proper.

## XI.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the class on all claims so triable.

January 9, 2008

SPIRO MOSS BARNESS LLP

By _____

David M. Arbogast
11377 W. Olympic Boulevard, Fifth Floor
Santa Clara, CA 90064-1683
Phone: (310) 235-2468
Fax:    (310) 235-2456
David@SpiroMoss.com

Jeffrey K. Berns, Esq. (SBN 131351)
LAW OFFICES OF JEFFREY K. BERNS
19510 Ventura Boulevard, Suite 200
Tarzana, California 91356
Phone: (818) 961-2000
Fax:    (818) 867-4820
jberns@jeffbernslaw.com

Attorneys for Plaintiff, SYLVIA CASTILLO, and all
others Similarly Situated

CLASS ACTION COMPLAINT

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: _____

**ATTACHMENT CV-5012**

**1 0 8 C V 1 0 2 8 8 7**

> ## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> *DEFENDANTS* (The person(s) being sued): You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
>    Warning: If you do not do these three things, you may automatically lose this case.

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

Your Case Management Judge is: __Neal A. Cabrinha_____ Department: __10__

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: __06/03/08__ Time: __3:45pm__ in Department __10__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

< **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06

1  REBECCA EISEN, State Bar No. 096129
   M. MICHAEL COLE, State Bar No. 235538
2  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   reisen@morganlewis.com
5  mcole@morganlewis.com

6  Attorneys for Defendant
   P.F. CHANG'S CHINA BISTRO, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11  SYLVIA CASTILLO, on behalf of herself      Case No. 108CV102887
    and on behalf of all others similarly
12  situated and the General Public,           ANSWER TO COMPLAINT

13                    Plaintiff,

14            vs.

15  P.F. CHANG'S CHINA BISTRO, INC.,
    and DOES 1 through 50,
16
                      Defendants
17

18

19        Defendant P.F. Chang's China Bistro, Inc. ("Defendant") for itself and for no other

20  defendant, by and through its undersigned counsel, hereby answers the allegations contained in

21  the unverified Complaint brought by Sylvia Castillo ("Plaintiff"), individually, and purportedly

22  by and on behalf of all others similarly situated, as follows:

23        **GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT**

24        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies

25  generally each and every allegation of the unverified Complaint. Defendant further denies that

26  the named Plaintiff, or any putative member of the purported class, have been damaged in any

27  sum or sums.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668554.1

ANSWER TO COMPLAINT

1

**RELIEF SOUGHT**

Defendant denies that the named Plaintiff or any putative member of the purported class, are entitled to any type of remedy, relief or damages of any kind, including the relief requested in their prayer for relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

1.    The Complaint and each alleged cause of action contained therein fails to state a cause of action upon which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(Uncertainty – Conclusory Class Allegations)**

2.    Plaintiff's claims, and the claims of each putative member of the class as set forth in the Complaint, are barred in whole or in part because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

**THIRD AFFIRMATIVE DEFENSE**
**(Not Appropriate For Class Action)**

3.    The named Plaintiff lacks standing and cannot represent the interests of others as to each of the purported causes of action.

**FOURTH AFFIRMATIVE DEFENSE**
**(Individual Questions Predominate)**

4.    The types of claims alleged by the named Plaintiff on behalf of herself and the alleged class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

**FIFTH AFFIRMATIVE DEFENSE**
**(Claims Are Not Common Or Typical)**

5.    The claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged class Plaintiff purports to represent, the existence of which is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668554.1                                    2
                         ANSWER TO COMPLAINT

1   expressly denied.

2                   **SIXTH AFFIRMATIVE DEFENSE**
3              **(The Named Plaintiff Is Not An Adequate Representative)**

4        6.      The Complaint fails to the extent it asserts a class action, because Plaintiff is not

5   an adequate representative of the purported class.

6                   **SEVENTH AFFIRMATIVE DEFENSE**
7                            **(Superiority)**

8        7.      The Complaint fails to the extent it asserts a class action because a class action is

9   not superior.

10                  **EIGHTH AFFIRMATIVE DEFENSE**
11             **(Due Process/Class Certification)**

12       8.      Certification of a class would constitute a denial of Defendant's due process rights

13  in violation of the Fourteenth Amendment to the United States Constitution and the California

14  Constitution.

15                  **NINTH AFFIRMATIVE DEFENSE**
16                   **(Statutes of Limitations)**

17       9.      Plaintiff's claims, and the claims of each putative member of the purported class

18  defined in the Complaint, are barred in whole or in part by applicable statutes of limitations,

19  including, but not limited to, the California Code of Civil Procedure Sections 338 and 340 and

20  California Business and Professions Code Section 17208.

21                  **TENTH AFFIRMATIVE DEFENSE**
22                **(Collateral Estoppel/Res Judicata)**

23       10.     Plaintiff's claims, and the claims of each putative member of the purported class

24  defined in the Complaint, are barred in whole or in part by the doctrines of collateral estoppel

25  and/or res judicata.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668554.1                                3

ANSWER TO COMPLAINT

1

2

### ELVENTH AFFIRMATIVE DEFENSE
### (Waiver)

3      11.    Plaintiff's claims, and the claims of each putative member of the purported class

4  defined in the Complaint, or some of them, are barred in whole or in part because such claims have

5  been waived, discharged and/or abandoned.

6

7

### TWELFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction and Payment)

8      12.    Plaintiff's claims, and the claims of each putative member of the purported class

9  defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and

10 satisfaction, and payment.

11

12

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Release Through Prior Settlement Agreement)

13     13.    To the extent that Plaintiff or any putative class member entered into any

14 individual settlement agreement, or was covered by and did not opt out of the terms of one or

15 more prior class action settlements involving Defendant, any such individual has released some or

16 all of the claims alleged in the Complaint.

17

18

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

19     14.    Plaintiff's claims, and the claims of each putative member of the purported class

20 defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of

21 laches.

22

23

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

24     15.    Plaintiff's claims, and the claims of each putative member of the purported class,

25 are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668554.1                                  4

ANSWER TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing, Due Process/Unfair Business Practices)

16.    The named Plaintiff lacks standing to bring claims brought pursuant to California Business and Professions Code Section 17200 against Defendant because she and/or the putative class members did not suffer the injuries alleged in the Complaint. The prosecution against Defendant of an action in these circumstances under Business and Professions Code Section 17200, would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

17.    To the extent the claims of the Plaintiff and the class she purports to represents seek to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code Section 226(e), an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

18.    Plaintiff's cause of action and those of the putative members of the purported class defined in the Complaint brought pursuant to California Business and Professions Code Section 17200 is barred in light of the fact that Plaintiff and the purported class have an adequate remedy at law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

19.    To the extent Plaintiff or any putative members of the purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668554.1

5

ANSWER TO COMPLAINT

1    offset all obligations of the Plaintiff or putative class members owed to Defendant against any

2    judgment that may be entered against Defendant.

3
## TWENTIETH AFFIRMATIVE DEFENSE
4
### (Conduct Reasonable and In Good Faith/Not Willful)

5    20.    If Defendant is found to have failed to pay Plaintiff and any putative member of

6    the purported class defined in the Complaint, any amount due, or failed to comply with applicable

7    California laws relating to meal and rest breaks, which allegations Defendant denies, Defendant

8    acted at all times on the basis of a good faith and reasonable belief that it had complied fully with

9    California's wage and hour laws. Consequently, Defendant's conduct was not willful within the

10   meaning of the California Labor Code.

11
## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Conflict of Interests)
12

13   21.    Certain of the interests of putative members of the proposed class are in conflict

14   with the interests of other putative members of the alleged class of persons which Plaintiff

15   purports to represent, the existence of which is expressly denied.

16
## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Irreparable Harm)
17

18   22.    Plaintiffs' claims for injunctive, declaratory, or other equitable relief, and the

19   claims of the putative class members of the purported class as defined in the Complaint, are

20   barred in light of the fact that Plaintiff and the putative class members have not suffered and will

21   not suffer irreparable harm due to any alleged conduct of Defendants.

22
## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim Under California Business and Professions Code §§ 17200 et. seq.)
23

24   23.    Plaintiff and the putative class members of the purported class as defined in the

25   Complaint have no private right of action under California Business and Professions Code §§

26   17200, *et. seq.*, because Plaintiff and the putative class members have not suffered injury in fact

27   and have not lost money or property as a result of any alleged unfair competition.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER TO COMPLAINT

1

2

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies)

3       24.     Plaintiff's statutory claims, and the claims of each putative member of the

4  purported class defined in the Complaint, are barred to the extent they failed to exhaust their

5  internal and/or administrative remedies.

6

7                              ## RESERVATION OF RIGHTS

8       Defendant reserves the right to assert such additional affirmative defenses that may appear

9  and prove applicable during the course of this litigation.

10      WHEREFORE, the Defendant prays for judgment as follows:

11      1.      The Plaintiff takes nothing by the Complaint;

12      2.      That judgment be entered against Plaintiff and in favor of the Defendant;

13      3.      That Defendant be awarded attorneys' fees incurred herein;

14      4.      That Defendant be awarded costs of suit herein; and

15      For such other and further relief as the Court deems just and proper.

16

17  Dated: February 28, 2008                    MORGAN, LEWIS & BOCKIUS LLP

18

19                                              By _____
                                                    Rebecca D. Eisen
20

21                                              Attorneys for Defendants
                                                P.F. CHANG'S CHINA BISTRO, INC.
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668554.1                              7

ANSWER TO COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On February 28, 2008, I served the within document(s): **ANSWER TO COMPLAINT**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☐  by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐  by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Dennis F. Moss
David M. Arbogast
Fernando A. Vicente
SPIRO MOSS BARNESS LLP
1377 W. Olympic Blvd., Fifth Floor
Los Angeles CA 90064-1683
Tel: 310-235-2468/ Fax: 310-235-2456
Email: dennisfmoss@yahoo.com
David@SpiroMoss.com
Fernando@SpiroMoss.com

Jeffrey K. Berns
Law Offices of Jeffrey K. Berns
19510 Ventura Blvd., Suite 200
Tarzana CA 91356
Tel: 818-961-2000/ Fax: 818-867-4820
Email: jberns@jeffbernslaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 28, 2008, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is *true* and correct.

Patricia De La Hoya Murphy

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7671883.1