REBECCA EISEN, State Bar No. 096129
M. MICHAEL COLE, State Bar No. 235538
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
mcole@morganlewis.com

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA CASTILLO, on behalf of herself and on behalf of all others similarly situated and the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>P.F. CHANG'S CHINA BISTRO, INC., and DOES 1 through 50,<br><br>Defendants. | Case No. CV 08 1247<br><br>**DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA** |

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC. ("Defendant") gives notice that this cause is hereby removed from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California. Defendant removes this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, and states that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005.

As and for its Notice of Removal, Defendant pleads as follows:

1.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

1-SF/7668506.1

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2. Plaintiff Sylvia Castillo instituted this civil action in the Superior Court of the State of California for the County of Alameda on or about January 9, 2008, against Defendant, and was assigned Case Number 108CV102887 in said court.

3. This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

4. The Summons, Civil Case Cover Sheet and Complaint were served upon Defendant on January 31, 2008, by process server. True and correct copies of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as Exhibit A.

5. On February 29, 2008, Defendant filed and served its Answer to Plaintiff's unverified complaint ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as Exhibit B. The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached hereto as Exhibits A and B) constitute all process, pleadings and orders filed in this case, that have been filed in this action.

6. Because this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon the Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453.

7. This lawsuit was brought by a putative representative person on behalf of a proposed class of individuals. Ex. A, ¶¶ 1-3, 21. As such this matter is a purported class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

8. This action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Defendant, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1                                    2

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

## I. DIVERSITY OF CITIZENSHIP EXISTS

9. Plaintiff Sylvia Castillo was employed by Defendant in California and resides in California. Ex. A, ¶ 9. Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Plaintiff was at the institution of this civil action, and was at all times intervening, a citizen and resident of California.

10. Defendant is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business (where the majority of its executive and administrative functions are performed) in Arizona. Defendant, therefore is a citizen of Delaware and Arizona for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11. As of the end of 2007, Defendant conducted business in 38 states.

12. Defendant's business activities do not substantially predominate in any one state and the amount of Defendant's business activity in California is not significantly larger than other state in which it conducts business. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of causes. See *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1105 (S.D. Cal. 2003). Accordingly, Defendant is a citizen of Delaware and Arizona.

13. Based on the Complaint, therefore, at least one member of the proposed class of plaintiffs (Castillo) is a citizen of a state different from Defendant.

## II. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

14. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6).

15. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g.,

1-SF/7668506.1                                3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14, at 42.)

16. The Complaint seeks relief on behalf of a putative class consisting of current and former food servers employed by Defendant in California. Defendant currently employs approximately 1,774 food servers.

17. The Complaint in the instant action purports to allege multiple claims on behalf of the putative class members for unpaid wages and other relief including civil penalties and injunctive and equitable relief under various sections of the California Labor Code and the California IWC Wage Orders, and for restitution under Business and Professions Code § 17200. Ex. A., ¶¶ 1-3, 35, 39, 51; Prayer for Relief ¶¶ A-G.

18. Plaintiff alleges that her claims are typical of the claims of the members of the proposed classes. Ex. A. ¶ 25.

19. The Complaint alleges that Plaintiff and the members of the class worked in excess of five hours a day without being afforded at least a thirty minute meal period and were not provided with premium pay of one-hour for each workday that a proper meal period was not provided in violation of California Labor Code §§ 226.7, 512, and California Wage Order 4-2000 and 4-2001. Ex. A, ¶¶ 32-33.

20. Plaintiff alleges that she and the class members are entitled to "premium pay" for each workday that a proper meal period was not provided. Ex. A, ¶¶ 33-34

21. Under Plaintiff's theory of the case, if the putative class members were not provided with even one 30-minute meal period per week, the potential liability could be: 1,774 current putative class members x $8.00 (one hour of pay)[1] x 156 weeks (3 years) = $2,213,952.

22. Plaintiff also alleges claims on behalf of all of Defendant's food servers in California for violations of California Labor Code § 226(a)(1). Ex. A, ¶¶ 37-38. Plaintiff alleges that Plaintiff and the putative class members are entitled to damages and penalties under Section 226(e). Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a

---

[1] This is Plaintiff's current hourly rate of pay.
1-SF/7668506.1

4

subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. Plaintiff has been employed by Defendant since June 6, 2006. In the year prior to the filing of the Complaint, Plaintiff received 26 paychecks. Thus, under Plaintiff's theory of the case, assuming each of these paychecks violated § 226, she could recover $2,550 in penalties. As to the putative class Plaintiff seeks to represent, assuming that Plaintiff's claim is typical as alleged and that the food servers in the year prior to the filing of the Complaint received a similar number of paychecks, then the potential aggregate penalties under Section 226(e) for putative class members could be $4,523,700 (1,774 putative class members x $2,550).

23. Plaintiff also seeks attorneys' fees under various laws. Attorneys' fees are properly included in determining the amount in controversy. *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D.Cal. 2007) ("attorney's fees, if authorized by statute or contract, are also part of the calculation"). Assuming Plaintiff can recover on their theories and allegations, under their theory of the case, she would undoubtedly argue that she would be entitled to receive attorneys' fees of approximately 25% of the total recovery or $1,684,413. *Cf. In re Quintus Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D.Cal. 2001) (noting in the class action settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).

24. Thus, although Defendant denies Plaintiff's factual allegations or that she or the class or subclass that she purports to represent are entitled to the relief for which she has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

### III. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

25. As set forth above, this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon Defendants.

26. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

27. Defendant has sought no similar relief.

28. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

29. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

30. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, desiring to remove this case to the United States District Court for the Eastern District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: March 3, 2008                                    MORGAN, LEWIS & BOCKIUS LLP

By _____
Rebecca D. Eisen

Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7668506.1                                  6

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC.'S NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sylvia Castillo

**DEFENDANTS**
P.F. Chang's China Bistro, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dennis Moss, David Arbogast, Fernando Vicente
Spiro Moss Barness, LLP
1277 W. Olympic Blvd., Fifth Floor
Los Angeles CA 90064-1683
(310)235-2468 Phone/310-235-2456 Fax

Attorneys (If Known)
Rebecca Eisen
M. Michael Cole
Morgan Lewis & Bockius
One Market, Spear Street Tower, San Francisco CA 94105
(415) 442-1000 Phone / (415) 442-1001 Fax

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury — Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 630 Liquor Laws | 820 Copyrights | 460 Deportation |
| 161 Medicare Act | 340 Marine | PERSONAL PROPERTY | 640 R.R. & Truck | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 650 Airline Regs. | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 660 Occupational Safety/Health | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 690 Other | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | LABOR | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 710 Fair Labor Standards Act | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | [X] 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities – Employment | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS — Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities – Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
28 U.S.C. §§1332(d), 1441, 1446, 1453

Brief description of cause: Failure to provide meal periods, failure to furnish timely & accurate wage statements, violation of California's unfair competition law.

**VII. REQUESTED IN COMPLAINT:** [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 0.00   CHECK YES only if demanded in complaint
JURY DEMAND: [ ] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

NDC-JS44

REBECCA EISEN, State Bar No. 096129
M. MICHAEL COLE, State Bar No. 235538
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
mcole@morganlewis.com

**E-filing**

Attorneys for Defendant
P.F. CHANG'S CHINA BISTRO, INC.

**RS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SYLVIA CASTILLO, on behalf of herself and on behalf of all others similarly situated and the General Public,

Plaintiff,

vs.

P.F. CHANG'S CHINA BISTRO, INC., and DOES 1 through 50,

Defendants

Case No. **CV 08 1247**

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS [CIVIL L.R. 3-16]**

Pursuant to Civil L.R. 3-16, the undersigned certifies that, as of this date, other than the named parties there is no such interest to report.

Dated: March 3, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Rebecca D. Eisen

Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7672842.1

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS