David M. Arbogast - State Bar No. 167571
darbogast@law111.com
Jeffrey K. Berns - State Bar No. 131351
jberns@law111.com
ARBOGAST & BERNS LLP
19510 Ventura Blvd., Suite 200
Tarzana, CA 91356-2969
Phone: (818) 961-2000; Fax: (818) 867-4820

*Attorneys for Plaintiffs*

Rebecca Eisen - State Bar No. 96129
reisen@morganlewis.com
M. Michael Cole - State Bar No. 235538
mcole@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
(415) 442-1000; Fax (415) 442-1001

*Attorneys for Defendant,*
PF CHANG'S CHINA BISTRO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| SILVIA CASTILLO, on behalf of herself and on behalf and on behalf of all others similarly situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC., and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO. 5:08-CV-01247<br><br>CLASS ACTION<br><br>JOINT INITIAL CASE MANAGEMENT CONFERENCE REPORT AND JOINT RULE 26(F) REPORT<br><br>Hearing Date: June 25, 2008<br>Time: 2:30 p.m.<br>Place: Courtroom 4<br>Judge: Hon. Richard Seeborg<br><br>Complaint Filed: January 9, 2008<br>Trial Date: Not set yet. |

Pursuant to Civil Local Rule 16-9, Plaintiff SYLVIA CASTILLO ("Plaintiff" or "Ms. Castillo") and Defendant P.F. CHANG'S CHINA BISTRO, INC. ("Defendant" or "P.F. Chang's"), submit this Joint Case Management Statement [Joint Rule 26(f) Report]. This statement sets forth the matters on which the parties have reached agreement, and their respective views on the matters about which they disagree.

### 1. JURISDICTION AND SERVICE

Defendant removed this action from the Superior Court, County of Santa Clara on the grounds that it is incorporated in Delaware, has its principal place of business in Arizona, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1446, and 1453.

All known parties have been served. Plaintiff notes that in the event there are joint or other employers within the meaning of California law, they may be served.

### 2. FACTUAL SUMMARY AND DISPUTES

#### A. Plaintiff's Statement

This putative class action was filed on behalf of current and former employees of defendant. The complaint alleges three causes of action, all based on California law: (1) failure to provide required meal periods; (2) failure to furnish timely and accurate wage statements, and (3) violation the Unfair Competition Law, of Bus. & Prof. Code §§ 17200 et seq.

As alleged, Defendant operates numerous restaurants in California. Defendant employed plaintiff as a server of food at several of its restaurants in California. Plaintiff believes that since January 9, 2004 (four years before the filing of the complaint), defendant has employed 800 or more employees in food server positions in its restaurants in California. Plaintiff and other class members regularly worked shifts of more than 5 hours, but, in violation of California law, defendant did not provide them with 30 minute uninterrupted duty-free meal periods in the first five hours of work, and this situation continues. The proposed class regularly work through what should be their meal periods. The paystubs Defendant gave to the employees failed to accurately state the wages due them.

The principal issue in dispute is whether under Defendants policies and procedures Plaintiff and the putative class members where provided proper meal periods within the meaning of California law. This is both a factual issue and a legal issue.

B. **Defendant's Statement**

Defendant disputes Plaintiff's allegation that she and putative class members were not provided proper meal periods under California law. Defendant also disputes that Defendant is legally obligated to provide meal periods at a particular point in time, namely "in the first five hours of work." Neither the applicable Wage Order 5-2001, nor Labor Code 512, as interpreted by the courts, contains such a requirement. Rather, the law allows employees who work less than six hours to waive the right to be provided a meal period. Moreover, Plaintiff signed a meal period waiver agreement upon hire which waived her right to a meal period for shifts of less than six hours.

From June 2006 to May 2008, Plaintiff Sylvia Castillo (who is still employed as a food server at P.F. Chang's), worked over 400 shifts at P.F. Chang's. Ms. Castillo worked less than six hours 60% of the time and voluntarily waived her meal period on those occasions. With respect to the other 40% of her shifts, Ms. Castillo was provided a full 30-minute meal period on all occasions. In only six instances do her time records suggest she did not punch out for a meal break.

3. **LEGAL ISSUES**

A. **Plaintiff's Statement**

(1) Whether Defendant failed to provide their employees working as food servers thirty (30) minute, uninterrupted meal breaks as contemplated by California law for work periods of over five (5) hours;

(2) Whether Defendant violated Wage Oder 4-2000, 4-2001 and Labor Code §§ 226.7 and 512 by failing to afford their employee food servers proper meal periods;

(3) Whether Defendant violated Business and Professions Code § 17200, *et seq.* by failing to afford their employee food servers proper meal periods;

(4) Whether, as a result of Defendant's meal period policies, Plaintiff and the Class members are entitled to unpaid wages, waiting time penalties, restitution, equitable relief and other relief, and the nature and amount of such relief; and

(5) Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiffs and the Class Members as a whole.

Discovery may reveal additional common legal issues in dispute.

**B.    Defendant's Statement**

(1)    Whether the California Labor Code or the IWC Wage Order 5-2001 dictate the timing of meal breaks and if so whether the hour of premium pay described in Labor Code Section 226.7 would be applicable to "untimely" meal breaks;

(2)    Whether the language of California Labor Code section 226.7 and 512 and Wage Order 5-2001 requiring that an employer "provide" a meal period means that an employer must ensure an employee takes a meal period or means that an employer must offer the employee a sufficient opportunity to take a meal period. White v. Starbucks Corp., 497 F. Supp.2d 1080 (N.D. Cal. 2007); Brown v. Federal Express Corp., 2008 WL 906517 (C.D. Cal. 2008); Kenny v. Supercuts, 2008 U.S. Dist. LEXIS 43073 (N.D. Cal. June 2, 2008).

(3)    Whether Plaintiff or any putative class member is entitled to "waiting time" penalties pursuant to California Labor Code Section 203;

(4)    Whether class certification is warranted under Rule 23 and, if so, the scope/definition of the class;

(5)    Whether any of the purported wage/hour violations alleged by Plaintiff in her Complaint constitute "unlawful," "unfair," or "fraudulent" business practices under Section 17200 of the California Business and Professions Code;

(6)    Whether Plaintiff or any putative class member can maintain a claim under Section 17200 of the California Business and Professions Code to the extent the underlying alleged violations would result in Plaintiff being awarded either statutorily mandated amounts or civil penalties;

(7)    Whether conduct declared lawful by the California Legislature can be deemed unfair competition within the meaning of Section 17200 of the California Business and Professions Code;

Discovery, which is not yet underway, may reveal additional legal issues in dispute.

**4.    MOTIONS**

**A.    Prior Motions**

There have been no motions filed since this case was removed to Federal Court.

**B.    Pending Motions**

There are no motions pending.

### C. Anticipated Motions

Plaintiff intends on moving for class certification.

Defendant anticipates filing a Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

### 5. AMENDMENT OF PLEADINGS

Once Plaintiff has been given an opportunity to conduct initial discovery, Plaintiff may amend the pleadings to add additional claims and parties.

### 6. EVIDENCE PRESERVATION

The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and have taken steps to comply with their obligations.

### 7. DISCLOSURES

The parties anticipate exchange of their Rule 26(a)(1) Initial Disclosures on June 19, 2008.

### 8. DISCOVERY

#### A. Discovery to Date

The parties have also discussed an informal exchange of information.

Plaintiff has propounded an initial set of requests for production of documents and interrogatories. Plaintiff intends on taking the depositions of Defendant's person most knowledgeable concerning Defendant's meal period practices and polices applicable to Plaintiff and all other similarly situated Food Servers and Supervisor Food Servers employed by Defendant during the liability period after receiving and analyzing Defendant's responses to Plaintiff's discovery requests.

Defendant has already propounded requests for production of documents and interrogatories. Defendant intends to take the deposition of the Plaintiff at a mutually agreeable date after receiving and analyzing Plaintiff's responses to the written discovery.

#### B. Scope of Discovery

**Plaintiff's Position**:

Plaintiff believes that the initial discovery should be directed at class certification issues. However, Plaintiff opposes any formal bifurcation of the class or merits discovery on the grounds that the discovery here is inextricably intertwined between class and merits issues. For example, in order to

1  determine whether Plaintiff's meal period claims can be litigated on a class-wide basis, discovery on the
2  alleged violations themselves, i.e. discovery on whether the class members were not provided proper
3  meal periods is necessary. Plaintiff has propounded requests for documents and interrogatories.
4  Plaintiff intends on taking the deposition of Defendant's person most knowledgeable at a mutually
5  agreeable date after receiving and analyzing Defendant's responses to Plaintiff's discovery.

**Defendant's Position:**

7  Defendant believes that class-wide discovery is premature at this stage. Discovery should be
8  limited to Plaintiff's individual claims and discovery which is directly relevant to the issue of whether a
9  class may be certified. Defendant has already propounded requests for production of documents and
10 interrogatories. Defendant intends to take the deposition of the Plaintiff at a mutually agreeable date
11 after receiving and analyzing Plaintiff's responses to the written discovery.

    **C.**    **Modifications of Discovery Rules**

13 The parties do not believe that any modification of the discovery rules is necessary at this time.

**9.  CLASS ACTIONS**

**PLAINTIFF'S STATEMENT:**

    **A.**    **Paragraphs of FRCP 23**

17 FRCP 23(a) and (b)(3).

    **B.**    **Description of the Class**

19 All current and former food servers, including "supervisor" food servers, employed by Defendant
20 in California at any time from January 9, 2004 (four years prior to the filing of the complaint) through
21 the date notice is mailed to the Class.

    **C.**    **Facts Showing Plaintiff Entitled to Maintain Class Action**

23 Among other things, all class members were subject to the same policies and practices of
24 Defendant regarding meal periods, all class members worked under conditions that did not materially or
25 significantly vary with respect to the provision of meal periods, and all class members had the same job
26 duties.
27 / / /
28 / / /

-6-
JOINT CASE MANAGEMENT AND RULE 26(F) REPORT] -5:08-CV-01247 RS

### D. Proposed Date for Hearing on Motion for Class Certification

Proposed last date for hearing on Plaintiff's Motion for Class Certification: March 25, 2009.

**DEFENDANT'S STATEMENT:**

Defendant disputes that Plaintiff has standing to pursue her own claims, let alone class claims and disputes that certification of any class is warranted under Rule 23.

### 10. RELATED CASES

Defendant recently learned that a case similarly alleging, inter alia, failure to provide meal breaks, was filed against P.F. Chang's in Los Angeles Superior Court.

### 11. PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the proposed class seeks one hour of premium wages/restitution for each workday that a proper meal period was not provided during the liability period, from January 9, 2004 to the date of judgment. Under Labor Code 226 (e) $50 for the first paystub violation for each class member, and $100 for each subsequent violation for each class member. An order enjoining Defendant from failing to provide its employees with legally required meal periods. Attorneys fees and costs.

### 12. SETTLEMENT AND ADR

The parties have agreed to court sponsored mediation pursuant to ADR L.R. 5. The mediation completion date is December 19, 2008.

### 13. CONSENT TO MAGISTRATE JUDGE

All parties consent to Magistrate Judge Richard Seeborg for all purposes.

### 14. OTHER REFERENCES

None presently.

### 15. NARROWING OF ISSUES, PRESENTATION OF EVIDENCE

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion. The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

///

16. **EXPEDITED SCHEDULE**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

17. **SCHEDULING**

The parties propose the following pre-trial schedule:

| Pretrial or Trial Event | Plaintiff's Requested Deadline | Defendant's Requested Deadline |
|---|---|---|
| Deadline to Amend Pleadings | February 20, 2009 | September 1, 2008 |
| Motion for Class Certification | March 25, 2009 | March 25, 2009 |
| Non-Expert Discovery Cut-Off Date | Six months after the ruling on class certification | Six months after the ruling on class certification |
| Opening Expert Witness Disclosure | November 28, 2009 | Plaintiff: one month after ruling on class certification |
| Rebuttal Expert Witness Disclosure | December 13, 2009 | Defendant: two months after the ruling on class certification |
| Expert Discovery Cut-Off Date | January 10, 2010 | Five months after the ruling on class certification |
| Deadline for Dispositive Motions | February 10, 2010 | Six months after the ruling on class certifcation |
| Parties to meet and confer to prepare joint final pretrial conference statement and proposed order and coordinated submission of trial exhibits and other material | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Filing Joint Pretrial Conference Statement and Proposed Order | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Lodging exhibits and other trial materials | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to serve and file briefs on disputed issues of law, including procedural and evidentiary issues | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Serve and file requested *voir dire*, jury instructions and forms verdict | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |

JOINT CASE MANAGEMENT AND RULE 26(F) REPORT] -5:08-CV-01247 RS

| | | |
|---|---|---|
| Serve and file statements designating deposition excerpts, form interrogatory answers and responses to requests for admission to be offered at trial other than for impeachment or rebuttal | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Last day to meet and confer regarding objections to evidence | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Final Pretrial Conference and Hearing on Motions in Limine | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |
| Trial Date | Parties will meet and confer following resolution of class certification motion | Parties will meet and confer following resolution of class certification motion |

### 18. TRIAL

Plaintiff believes the jury will take approximately fifteen court days.

Defendant believes that the length of trial will depend on the outcome of the class certification ruling.

### 19. DISCLOSURE OF INTERESTED PARTIES

Plaintiff filed her Certificate of Interested Parties on June 16, 2008. Plaintiff certified that other than the named Plaintiff, members of the proposed class or classes of PF Chang's China Bistro, Inc.'s Food Server employees, including Supervisor Food Servers, whose identities are as yet unknown.

Defendant filed its Certificate of Interested Parties on March 3, 2008. Defendant certified that other than the named parties, there were no such interested parties to report.

///
///
///
///
///
///
///

-9-
JOINT CASE MANAGEMENT AND RULE 26(F) REPORT] -5:08-CV-01247 RS

**20.   OTHER MATTERS**

Plaintiff's counsel Ira Spiro will no longer be representing Plaintiff. Plaintiff's counsel David Arbogast will be filing a substitution of counsel form to replace him.

At this time, the parties do not have any other additional matters that should be raised.

DATED: June 19, 2008                               Respectfully submitted,

                                                   SILVIA CASTILLO
                                                   By her attorneys,

                                                   /s/ David M. Arbogast
                                                   David M. Arbogast
                                                   ARBOGAST & BERNS LLP
                                                   19510 Ventura Blvd., Suite 200
                                                   Tarzana, CA  91356
                                                   Phone: (818) 961-2000; Fax: (818) 867-4820

                                                   *Attorneys for Plaintiffs*

DATED: June 19, 2008                               P.F. CHANG'S CHINA BISTRO, INC.

                                                   By their attorneys,

                                                   /s/  Rebecca Eisen
                                                   Rebecca Eisen
                                                   MORGAN, LEWIS & BOCKIUS, LLP
                                                   One Market, Spear Street Tower
                                                   San Francisco, CA 94105-1126
                                                   Phone: (415) 442-1000; Fax: (415) 442-1001

                                                   *Attorneys for Defendant*

### ECF CERTIFICATION

Pursuant to General Order No. 45, § X.B, the filing attorney attests that she has obtained concurrence regarding the filing of this document from each of the signatories to the document.

Dated: June 19, 2008                               By:  /s/ David M. Arbogast
                                                        David M. Arbogast